IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| In re: D&D HOSPITALITY, LLC, | ) | Bankruptcy No. 11-83081-JAC-11 |
| Debtor. | ) ) ) | Chapter 11 |
| | ) | |
| D&D HOSPITALITY, LLC, as Chapter 11 Debtor, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | AP No.: 11-80117 |
| FIRST CITIZENS BANK, a California Corporation, and NORTH TEXAS HOTEL GROUP, Ltd., a Texas Limited Partnership (LP), | ) ) ) ) | |
| Defendants. | ) ) | |

## AMENDED COMPLAINT

COMES NOW the plaintiff, D&D Hospitality, LLC, Chapter 11 debtor-in-possession, pursuant to FRBP Rules 3012 and 7001(2), and shows unto the Court as follows:

1. On September 2, 2011, D&D Hospitality, LLC, ("debtor") commenced the above bankruptcy case by filing a voluntary bankruptcy petition under Chapter 11 of the U. S. Bankruptcy Code.

2. Debtor is now the qualified and serving debtor-in-possession.

3. Jurisdiction of this Court over the instant adversary proceeding is based upon 28 U.S.C. § 1334 in that this action arises and relates to the above-described Chapter 11 bankruptcy case and is not based on a claim or cause of action under state law.

4. Venue of this proceeding is based on 28 U.S.C. § 1409 in that it is being commenced in the district where the related case under Title 11 U.S.C. is pending.

### FACTUAL AVERMENTS

5. The debtor is a limited liability company headquartered in Huntsville, Madison County, Alabama. The company books and records are kept in Huntsville, Alabama, and all annual and special LLC members meetings take place in Huntsville, Alabama. The debtor's majority owner and managing member, Gagandeep Dhaliwal, also resides in Huntsville, Alabama.

6. Since April, 2007, the debtor has owned and operated a four-story, seventy-two room hotel business d/b/a Comfort Suites Gainsville, located in Gainsville, Texas. The debtor continues to operate the business at present as debtor-in-possession.

7. The debtor has obtained a certified appraisal which shows that the value of its hotel property as of the petition date was approximately $2,800,000.00.

8. The debtor's hotel property is subject to a first mortgage to U.S. Bank of St. Louis, Missouri ("U.S. Bank"), in the approximate balance of $2,576,496.11.

9. The debtor avers that, as of the petition date, U.S. Bank's mortgage was fully secured for value, and the debtor was current in its mortgage payments to U.S. Bank.

10. The debtor's hotel property is subject to a second mortgage to Small Business Administration ("SBA") in the approximate amount of $1,591, 923.20.

11. The debtor avers that, as of the petition date, SBA's mortgage was partly secured for value, and the debtor was current in its reduced payments under an accommodation agreement with SBA.

12. The debtor's hotel property is subject to a third mortgage to First Citizens Bank of Temecula, California, a California Corporation ("First Citizens Bank"), in the approximate amount of $255,976.73.

13. The debtor avers that, as of the petition date, First Citizen Bank's mortgage was not secured for value as a lien against the debtor's hotel property.

14. The debtor's hotel property is subject to a fourth mortgage to North Texas Hotel Group, Ltd., a Texas domestic limited partnership ("North Texas Hotel Group"), in the approximate amount of $313,197.73.

15. The debtor avers that, as of the petition date, North Texas Hotel Group's mortgage was not secured for value as a lien against the debtor's hotel property.

### COUNT ONE

### Valuation of Debtor's Hotel Property Under Rule 3012 FRBP

16. The Notes of the Advisory Committee on Rules concerning FRBP 3012 states in part: "Pursuant to Sec. 506(a) of the Code, secured claims are to be valued and allowed as secured to the extent of the value of the collateral and unsecured, to the extent it is enforceable, for the excess over such value."

17. Debtor hereby seeks a valuation of its hotel property under FRBP Rule 3012 by order of this Court.

# COUNT TWO

## Declaration that Claims of First Citizens Bank and North Texas Hotel Group Are Unsecured Under 11 U.S.C. § 506 For Debtor's Reorganization Plan

18. Given the value of the collateral property and the amount of the first and second mortgages, only the first and second mortgages are secured or partially secured for value.

19. Debtor hereby seeks a declaration that the third mortgage to First Citizens Bank is not secured for value and that the debtor may treat First Citizen Bank's claim as unsecured pursuant to 11 U.S.C. §506 in its plan of reorganization.

20. Debtor hereby seeks a declaration that the fourth mortgage to North Texas Hotel Group is not secured for value and that the debtor may treat North Texas Hotel Group's claim as unsecured pursuant to 11 U.S.C. §506 in its plan of reorganization.

## PRAYERS FOR RELIEF

WHEREFORE, the debtor prays for an Order of this Court:

1. Giving such notice as the Court shall require to the defendants to make answer to the complaint on or before a date certain to be set by this Court; and

2. Upon notice and a hearing, determining that the third mortgage to First Citizens Bank and the fourth mortgage to North Texas Hotel Group are not secured for value; and

3. Declaring that the debtor may treat the claims of First Citizens Bank and North Texas Hotel Group as unsecured in its plan of reorganization; and

4. Granting such further relief as the Court deems just and proper.

Respectfully submitted this 28th day of September, 2011.

/s/Tazewell T. Shepard
Tazewell T. Shepard
Kevin M. Morris
*Attorneys to Chapter 11 Debtor*

**SPARKMAN, SHEPARD & MORRIS, P.C.**
P.O. Box 19045
Huntsville, AL 35804
Tel: (256) 512-9924
Fax: (256) 512-9837